## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LJ Remainder LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: _____ |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| City of Atlanta; Atlanta Police | ) | |
| Department; In Rem Review Board of | ) | |
| the City of Atlanta, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>VERIFIED COMPLAINT</u>

Plaintiff LJ Remainder LLC files this Verified Complaint for declaratory judgment, injunctive relief, and attorneys' fees against Defendants City of Atlanta, Atlanta Police Department, and In Rem Review Board of the City of Atlanta. Defendants make this lawsuit and request for injunctive relief necessary because they consistently deprived LJ of statutorily required notice regarding Atlanta's efforts to demolish LJ's property, and Defendants now seek to illegally destroy LJ's property in violation of Atlanta Code of Ordinances and the Fifth and Fourteenth Amendments of the United States Constitution.

1

**Introduction**

1.      This case involves a dispute between LJ Remainder LLC and the city of Atlanta regarding LJ's property located at 450 Moreland Avenue SE in Atlanta, Georgia.

2.      Atlanta has knowingly deprived LJ of statutorily and constitutionally required notice regarding Atlanta's efforts to demolish the 450 Moreland property.

3.      LJ's 450 Moreland property is valuable real estate that had been used for decades as a successful drive-thru restaurant. Many of the neighboring properties are also operated as drive-thru restaurants. But when LJ's former tenant Long John Silver's left the 450 Moreland property in 2019, Atlanta obstructed LJ's efforts—together with its prospective tenant Starbucks—to renovate and convert the Long John Silver's drive-thru restaurant into a Starbucks drive-thru restaurant.

4.      Starbucks then updated its plan for the 450 Moreland property to accommodate Atlanta's objection to the drive-thru component.

5.      After Starbucks modified its plans, Atlanta continued preventing the 450 Moreland property from being updated, renovated, and converted into a new Starbucks location.

6.      Because Atlanta blocked Starbucks from pursuing its plans for the 450 Moreland property, Starbucks terminated the agreement to lease 450 Moreland from LJ in October 2022.

7.     In 2023, LJ tried to save the lease with Starbucks without success. When it was clear Starbucks would not return to the landlord-tenant relationship, LJ found a new prospective tenant for 450 Moreland. Unless Atlanta again prevents the re-use of the property, LJ will return 450 Moreland to an economically beneficial use.

8.     On January 25, 2024, Atlanta recommended to the Atlanta In Rem Review Board that 450 Moreland should be destroyed. As with other hearings before the In Rem Review Board, Atlanta failed to provide LJ the statutorily required notice and LJ did not know the hearing was taking place.

9.     When LJ learned about the demolition order and tried to obtain it, Atlanta Police Department Code Enforcement Manager Jocelyn Lyles refused to send LJ's counsel a copy of the demolition order. LJ finally obtained a copy of the purported "demolition order" on February 9, 2024.

**Parties**

10.     LJ Remainder LLC is a Delaware limited liability company having a principal place of business at Two Liberty Square, 9th Floor, Boston, MA 02109. LJ does not have any members that have citizenship in the State of Georgia.

11.     Atlanta is a municipal corporation created under the laws of the State of Georgia. At all times relevant to this Complaint, Atlanta employed the members of the Atlanta City Law Department and the Atlanta Police Department officers

referenced in this Complaint. Atlanta may be served with process through its mayor, Mr. Andre Dickens, at his business address, 55 Trinity Avenue, Atlanta, Georgia 30303.

12.    The Atlanta Police Department is a law enforcement agency for the city of Atlanta, with a principal place of business at 226 Peachtree St SW, Atlanta, GA 30303.

13.    The In Rem Review Board is a board of the city of Atlanta created by Section 31(a) of Article III, Appendix 5 of the Housing Code of the City of Atlanta. The In Rem Review Board may be served through its clerk, Daphne Talley, the Director of the Atlanta Police Department, Code Enforcement Section at 818 Pollard Blvd. SW, 3rd Floor, Atlanta, GA 30315, or by serving Jocelyn Lyles, Code Enforcement Manager for the Atlanta Police Department, Code Enforcement Section at 818 Pollard Blvd. SW, 3rd Floor, Atlanta, GA 30315.

### Jurisdiction and Venue

14.    Subject matter jurisdiction exists under 28 U.S.C. § 1332 because this case involves diversity jurisdiction. Plaintiff LJ and Defendants are not citizens of the same state and the amount in controversy exceeds $75,000, exclusive of interest and costs, because the value of the 450 Moreland property that Atlanta seeks to destroy exceeds this amount.

15.     Subject matter jurisdiction also exists under 28 U.S.C. § 1331, because Atlanta's efforts to destroy LJ's 450 Moreland property violate the Fourteenth Amendment of the United States Constitution.

16.     This Court has personal jurisdiction over Atlanta because it is a resident of the State of Georgia with a principal place of business in Atlanta, Georgia.

17.     This Court has personal jurisdiction over the Atlanta Police Department because it is a resident of the State of Georgia with a principal place of business in Atlanta, Georgia.

18.     This Court has personal jurisdiction over the In Rem Review Board because it is a resident of the State of Georgia with a principal place of business in Atlanta, Georgia.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Atlanta resides in Atlanta, Georgia, and because the property at issue is in Atlanta, Georgia.

**Facts**

**A. LJ's 450 Moreland Avenue property used for drive-thru restaurant.**

20.     LJ owns real property located at 450 Moreland Avenue, SE, located in Atlanta, Georgia.

21.     LJ's 450 Moreland property includes a former Long John Silver's drive-thru restaurant building, a storage shed, and a parking lot. A photograph of the Long John Silver's drive-thru sign at 450 Moreland, which also shows the three consecutive drive-thru restaurants (Wendy's, Krystal, and Cook Out), is attached as Exhibit 1.

22.     Long John Silver's had leased 450 Moreland as a drive-thru restaurant for decades, until around October 2019.

## B. After Long John Silver's closes, LJ obtains new tenant for 450 Moreland.

23.     In the weeks following Long John Silver's closing its location at 450 Moreland, LJ worked to secure a new tenant and obtained a November 11, 2019 letter of intent from Starbucks for the negotiation of a decades-long lease worth millions of dollars.

24.     Starbucks planned to renovate and convert the former Long John Silver's drive-thru to a Starbucks drive-thru.

25.     Following the November 11, 2019 letter of intent, Starbucks and LJ continued negotiations while Starbucks communicated with Atlanta about its plans. LJ and Starbucks executed a ground lease for the 450 Moreland Avenue location on September 29, 2022.

26.     Unfortunately, Atlanta obstructed and frustrated efforts to convert 450 Moreland Avenue from a Long John Silver's drive-thru restaurant into a Starbucks drive-thru restaurant.

27.     With Atlanta continuing to obstruct the repurposing of 450 Moreland from a Long John Silver's location into a Starbucks location, Starbucks informed LJ in October 2022 that it was terminating the lease.

28.     Atlanta's obstruction of Starbucks's efforts to convert the space into a new Starbucks location caused Starbucks to notify LJ that it would no longer proceed with the ground lease.

29.     Even after Starbucks notified LJ that it was no longer interested with a vacant property to manage for longer than it anticipated.

30.     LJ is currently negotiating a lease with another restaurant tenant. If Atlanta does not successfully prevent the new tenant from opening its new restaurant at 450 Moreland, the new tenant would renovate and improve the 450 Moreland space and then maintain the premises.

**C. Atlanta tries to manufacture grounds to destroy 450 Moreland.**

31.     While Starbucks was being stymied by Atlanta, the former Long John Silver's building was in a state of limbo. Once allowed, Starbucks was going to renovate and improve the former Long John Silver's building for its own specifications.

32.    During this period, LJ continued to spend thousands of dollars maintaining the interior and exterior at 450 Moreland.

**D. Atlanta repeatedly violates Atlanta Code of Ordinances.**

33.    On information and belief, Atlanta seeks to destroy 450 Moreland because Atlanta has its own plans for the property. Atlanta has not revealed to LJ what the city plans to do with 450 Moreland.

34.    Atlanta has repeatedly failed to give LJ statutorily required notice of hearings regarding the demolition of 450 Moreland.

35.    Atlanta Code of Ordinances Section 39(1) requires that for notices issued by the director:

> *At least 14 days prior to the date of the hearing*, the director *shall mail copies of the notice by certified mail* or statutory overnight delivery, return receipt requested, to all interested parties whose identities and addresses are reasonably ascertainable.

(Emphasis added.)

36.    Atlanta Code of Ordinances Section 39(3) also requires that:

> *A notice of lis pendens shall be filed* in the office of the clerk of superior court in the county in which the dwelling, building, or structure is located *at the time of filing the complaint before the in rem review board*.

(Emphasis added.)

37.     Atlanta failed to provide LJ the statutorily required notice of the September 28, 2023 In Rem Review Board hearing, which included an agenda item about demolishing 450 Moreland.

38.     Less than 2 days before the hearing, LJ learned about the hearing when the purported "notice" was delivered to "The Mack Company" on September 26, 2024. *See* The document received on September 26, 2023, about the September 28, 2023 hearing is attached as Exhibit 2, and the envelope containing this document, postmarked September 20, 2023, is attached as Exhibit 3.

39.     Although Director Talley's letter is dated *September 8*, 2023, the envelope sending this document was not postmarked *until September 20*, 2023. *See* Exs. 2-3.

40.     Director Talley's letter about the September 28, 2023 In Rem Review Board hearing was not received by LJ until September 26, 2023.

41.     Defendants also failed to file the notice of lis pendens "at the time of filing the complaint before the in rem review board."

42.     On September 27, 2023, LJ's counsel emailed Atlanta Police Department Code Enforcement Manager, Officer Jocelyn Lyles, and notified her that Defendants had failed to comply with the statutorily required notice for the September 28 hearing. LJ requested that the hearing be rescheduled. *See*

September 28, 2024 Email Chain, at September 27, 2023 Wolfe email, attached as Exhibit 4.

43.     Officer Lyles did not respond. *See* Ex. 4, September 28 Wolfe email.

44.     On September 28, 2023, the procedurally deficient In Rem Review Board meeting proceeded.

45.     At the September 28, 2023 meeting, LJ's counsel explained that Atlanta failed to provide the statutorily required notice of the hearing.

46.     Also at the September 28, 2023 meeting, Atlanta claimed that 450 Moreland was 53% deteriorated.

47.     According to the Chair of the In Rem Review Board the "deterioration percentage calculation [for 450 Moreland]" was "insufficient . . . it is not meaningful."

48.     Due to the lack of notice, the In Rem Review Board agreed to place 450 Moreland on a subsequent hearing agenda.

49.     LJ repeatedly sought information from Atlanta to defend against the city's efforts to demolish 450 Moreland. For example, LJ sent Open Records Act requests to Atlanta Police Department and the Georgia Department of Transportation. *See* Oct. 24, 2023 Open Records Act Letter to City of Atlanta, attached as Exhibit 5.

50.    The Atlanta Police Department responded on October 26, 2023, that it would take 3-4 weeks to respond.

51.    On October 27, 2023, LJ's counsel wrote directly to Atlanta's attorney Shemia Washington, Esq. for information about why Atlanta was trying to demolish 450 Moreland. Ms. Washington responded the same day and noted that Defendants' file about 450 Moreland "may be voluminous." Oct. 27-Dec 21, 2023 email chain, at Oct. 27, 2023 Washington email, attached as Exhibit 6.

52.    On November 3, 2023, Officer Lyles claimed that "No open records request has been provided. . ." Ex. 6, Oct. 27-Dec 21, 2023 email chain, at November 3, 2023 Lyles email at 9:42 a.m.

53.    On November 6, 2023, the Atlanta Police Department advised it could not produce requested communications (including communications to and from Atlanta Police Department officers) unless email addresses were provided. The same day, LJ's counsel responded by repeating the email addresses included in the October 24, 2023 Open Records Act request. In a separate email, LJ asked Officer Lyles for the Atlanta Police Department emails that the Atlanta Police Department claimed it needed to know.

54.    To date, the Atlanta Police Department has not produced any emails or text messages in response to the October 24, 2023 Open Records Act request.

11

55.    Defendants continued obstructing LJ's formal and informal efforts to obtain information.

56.    On November 22, 2023, Officer Lyles responded to an email from LJ's counsel about the outstanding Open Records Act requests by stating that 450 Moreland would be presented at a December 21, 2023 hearing. This informal email omitted necessary details like the time and location of the hearing. *See* Ex. 6, Oct. 27-Dec 21, 2023 email chain, at November 22, 2023 Lyles email at 9:47 a.m.

57.    Atlanta again failed to comply with the formal notice requirements for In Rem Review Board Hearings. LJ emailed Defendants about the continued lack of notice on December 20, 2023. After LJ advised that Atlanta again failed to provide the statutorily required notice, Officer Lyles responded on December 21, 2023:

> Good Morning Mr. Wolfe,
>
> Notices have been sent to your client, registered agent(s) [sic] to over 10 different locations each time for the announcement of the hearings or changes to the dates. Many fail to retrieve certified mail. Why haven't you received any of the mail?

Ex. 6.

58.    LJ asked about this claim that notice was being sent to the "client [LJ]," and to "registered agent(s) to over 10 different locations each time." Officer Lyles responded that the information requested "must be requested through APD Open records and not by direct contact with me." In this same email, Officer Lyles

12

advised that the December 21, 2023 hearing had been postponed. Ex. 6, Dec. 21, 2023 Lyles email at 11:25 a.m.

59.    Five days later, LJ received a document on *December 26*, 2023, that was dated *November 27*, 2023, and which stated that 450 Moreland would be presented at *a December 21, 2023* hearing. The envelope containing this document was postmarked on December 18, 2023. The document received on December 26, 2023, about the December 21, 2023 hearing, and the envelope postmarked December 18, 2023, are attached as Exhibit 7.

**E. Atlanta obtains demolition order after again depriving LJ of notice.**

60.    On January 26, 2024, LJ received a document from Director Daphne Talley, which stated that the December 21, 2023 hearing before the In Rem Review Board had been reset *to January 25*, 2024. The document received on January 26, 2024, about the January 25, 2024 hearing, and the envelope postmarked January 22, 2024, are attached as Exhibit 8.

61.    The document that LJ received on January 26, 2024—which Defendants sent on January 22, 2024—failed to provide the statutorily required notice about the January 25, 2024 hearing. *See* Ex. 8.

62.    Because LJ did not receive notice of the January 25, 2024 hearing, it could not attend.

63.     LJ was deprived of the opportunity to present its case and advocate for its interests at the January 25, 2024 hearing.

64.     When the In Rem Review Board met on January 25, 2024, Atlanta obtained the demolition order against LJ's 450 Moreland property.

65.     On information and belief, the Atlanta Police Department made false representations to the In Rem Review Board that LJ's 450 Moreland property was 1,969% deteriorated based on easily resolvable issues like alleged junk in the parking lot and purportedly damaged acoustic ceiling tiles. In contrast, the Atlanta Police Department represented that another building, 882 Mitchell Street, was only 53% deteriorated despite having fire and structural damage.

66.     An Atlanta city council member told the In Rem Review Board to accept Atlanta's recommendation to demolish 450 Moreland and stated: "If you give me a sledgehammer, I'll do it **tomorrow.**"

67.     The In Rem Review Board then decided, without LJ having any opportunity to defend its interests, to demolish 450 Moreland.

**F. Atlanta refuses to negotiate regarding the illegal demolition order.**

68.     When LJ learned on January 26, 2024, that Atlanta had again proceeded with a hearing against 450 Moreland Avenue without providing notice, LJ sought information from Code Enforcement Manager Lyles and learned about the In Rem Review Board's decision to demolish 450 Moreland.

69.     Through counsel, LJ asked Code Enforcement Manager Lyles for a copy of Defendants' demolition order on January 26, 2024, and Officer Lyles refused to provide it to LJ's counsel. Instead, Officer Lyles stated the demolition order would be mailed to "LJ Remainder, LLC, c/o The Mack Company, One Bridge Plaza, Suite 260, in Ft. Lee, NJ." LJ's counsel again asked for the demolition order to be emailed to counsel, and Officer Lyles stated it could not be emailed to counsel. *See* Jan. 29-Feb. 2 email chain, at Jan. 29, 2024 Barnett email at 12:57 pm., attached as Exhibit 9; *see also* Ex. 9, Jan. 29-Feb. 2 email chain, at Jan. 29, 2024 email from Lyles at 1:23 p.m. (Officer Lyles stating she would defer to "our attorney, Mrs. Washington" about whether to email the demolition order to LJ's counsel).

70.     LJ asked if Atlanta would agree that it would not try to destroy LJ's 450 Moreland property "without going through the process required by law." Ex. 9, Jan. 29-Feb. 2 email chain, at Jan. 31, 2024 Wolfe email. Atlanta would not agree to this request. Ex. 9, Jan. 29-Feb. 2 email chain, at Feb. 2, 2024 Washington email.

71.     In an envelope postmarked February 5, 2024, Atlanta sent the January 25, 2024 demolition order to "LJ Remainder, LLC c/o Corporation Service Company," at 40 Technology Parkway South, Suite 300, Norcross, Ga 30092. The

January 25, 2024 demolition order and an envelope postmarked February 5, 2024, are attached as Exhibit 10.

72.    Corporation Service Company is not LJ's registered agent and LJ is not located at the 40 Technology Parkway address.

73.    On February 8, 2024, LJ finally received a copy of the demolition order.

74.    According to the purported demolition order, which is dated January 25, 2024, LJ was:

> hereby ordered to demolish the building, clean the premises, and plant grass on the lot within 30 days from the date of this Order. Failure to vacate, remove or demolish the structure and plant ground cover on the lot within the prescribed time shall subject you to legal action without further notice.

*See* Ex. 10.

75.    According to the face of the demolition order—which should be declared void and unenforceable—if LJ fails to comply, the Code Enforcement Section will demolish 450 Moreland and file a lien against the property for the costs of doing so. *See* Ex. 10.

76.    The demolition order also includes a "Commercial Assessment Form" showing that Atlanta claims the total cost of repairs to the building would be $82,684.12, and that the value of the restaurant building is only $4,200. *See* Ex. 10, at 3-4.

77.    The same 450 Moreland property that Atlanta claims is worth only $4,200 was the subject of a multi-million dollar lease between LJ and Starbucks in 2022, which Starbucks terminated because of Atlanta's actions to prevent Starbucks from converting the vacant Long John Silver's drive-thru restaurant into a Starbucks drive-thru restaurant.

78.    The same building at 450 Moreland property that Atlanta claims is worth only $4,200—absent obstruction from Atlanta—can be leased to LJ's new tenant for a lengthy and economically beneficial lease.

79.    On February 23, 2024, LJ sent a Notice of Appeal to Director Talley, by hand delivery and email. Considering Defendants' repeated and continued violations of the procedural and statutory requirements relating to Defendants' efforts to destroy 450 Moreland, LJ believes the property is at imminent risk of being destroyed by Defendants.

## Count I: Declaratory Judgment
### (All Defendants)

80.    LJ incorporates the allegations in paragraphs 1-79 as if fully restated herein.

81.    Defendants are attempting to deprive LJ of its property rights for 450 Moreland Avenue.

82.    Defendants are attempting to demolish LJ's 450 Moreland property.

83.    Defendants failed to comply with statutory notice requirements for the In Rem Review Board hearings about 450 Moreland.

84.    Defendants obtained a demolition order against 450 Moreland at a January 25, 2024 hearing before the In Rem Review Board, but they deprived LJ of the statutorily required notice about this hearing.

85.    Defendants' purported demolition order is illegal and unenforceable.

86.    Defendants have deprived LJ of its due process rights under the United States and Georgia constitutions.

87.    Defendants refuse to comply with the statutory requirements regarding the issuance and execution of the demolition order.

88.    Due to the foregoing and because of the parties' dispute over the impropriety of Defendants' actions relating to 450 Moreland and their dispute over the enforceability of the demolition order, LJ is uncertain and insecure as to its rights, interests, status, and obligations for 450 Moreland.

89.    There exists an actual, justiciable controversy between the parties entitling LJ to declaratory judgment.

90.    Until the allegations and claims reflected in this Complaint are concluded, LJ's rights, interests, and ability to return 450 Moreland to its prior use as a restaurant are impaired.

91.     Accordingly, LJ requests that this Court declare that the January 25, 2024 demolition order against 450 Moreland is illegal, unenforceable, and void.

## Count II: Preliminary and Permanent Injunction
## (All Defendants)

92.     LJ incorporates the allegations in paragraphs 1-91 as if fully restated herein.

93.     Defendants have actively interfered with LJ's ability to lease 450 Moreland to a new tenant.

94.     Defendants have actively prevented LJ from leasing 450 Moreland.

95.     Defendants have actively prevented LJ from returning 450 Moreland to an economically beneficial use.

96.     Defendants' conduct creates a risk of irreparable harm to LJ, through Defendants refusal to comply with procedural safeguards and statutory requirements prior to the destruction of LJ's real property.

97.     LJ is substantially likely to prevail on the merits of its claims against Defendants.

98.     LJ will have no adequate remedy at law, and monetary damages would be insufficient to repair the harm caused if Defendants destroy LJ's 450 Moreland property.

99.     Defendants should be enjoined from demolishing LJ's 450 Moreland property.

## Count III – Violation of the Open Record Act
### (Against Defendants Atlanta and Atlanta Police Department)

100.   LJ incorporates the allegations in paragraphs 1-99 as if fully restated herein.

101.   This Court has supplemental jurisdiction over LJ's claim for enforcement of the Georgia Open Records Act. 28 U.S.C. § 1367(a).

102.   The records that LJ requested in its October 24, 2023 Open Records Act request are "public records" under O.C.G.A. § 50-18-70(b)(2). *See* Ex. 5 (Oct. 24, 2023 Open Records Act request to Atlanta Police Department).

103.   Under the Georgia Open Records Act, "All public records shall be open for personal inspection and copying, except those which by order of a court of this state or by law are specifically exempted from disclosure." O.C.G.A. § 50-18-71(a).

104.   Further, the Georgia Open Records Act requires that "Agencies shall produce for inspection all records responsive to a request within a reasonable amount of time not to exceed three business days of receipt of a request. . ." O.C.G.A. § 50-18-71(b)(1)(A).

105.   LJ's Open Records Act request asked the Atlanta Police Department to produce public records including:

      i.    All code violations and complaints for 450 Moreland;

ii.    All communications regarding proposals, applications, or permits to alter street curbs of 450 Moreland;

iii.    All communications regarding the operation of a drive-thru at 450 Moreland;

iv.    All hearing agendas and meeting minutes that mention or relate to 450 Moreland;

v.    All notices from the Atlanta Police Department, Code Enforcement Section, regarding 450 Moreland;

vi.    All communications between the Atlanta Police Department, Code Enforcement Section, and the Georgia Department of Transportation regarding 450 Moreland;

vii.    All photographs or videos of 450 Moreland;

viii.    All communications between the Atlanta Police Department and Council Member Liliana Bakhtiari regarding the 450 Moreland Avenue property (including communications involving Director Daphne Talley, Code Enforcement Manager Lyles, Major Andrea Webster, and Inspector Michaela Culbreth);

ix.    All communications between the Atlanta Police Department and Nichola Cappon regarding the 450 Moreland Avenue property (including communications involving Director Daphne Talley,

Code Enforcement Manager Lyles, Major Andrea Webster, and Inspector Michaela Culbreth);

    x.    All communications, including emails and text messages, to or from Director Daphne Talley regarding 450 Moreland Avenue;

    xi.    All communications, including emails and text messages, to or from Code Enforcement Manager Jocelyn Lyles regarding 450 Moreland Avenue;

    xii.    All communications, including emails and text messages, to or from Major Andrea Webster regarding 450 Moreland Avenue;

    xiii.    All communications, including emails and text messages, to or from Inspector Michaela Culbreth regarding 450 Moreland Avenue.

*See* Ex. 5, Oct. 24, 2023 Open Records Act request to Atlanta Police Department.

106.   In violation of the Georgia Open Records Act, the Atlanta Police Department failed to comply with its obligation to produce public records within a reasonable amount of time pursuant to the Georgia Open Records Act. *See* O.C.G.A. § 50-18-71(b)(1)(A).

107.   Examples of Atlanta Police Department's failure to comply with LJ's Open Records Act request include:

i.   the Atlanta Police Department failed to produce *any emails and any text messages* about 450 Moreland;

ii.   the Atlanta Police Department failed to produce *any* communications regarding proposals, applications, or permits to alter street curbs of 450 Moreland;

iii.   the Atlanta Police Department failed to produce *any* communications regarding the operation of a drive-thru at 450 Moreland;

iv.   the Atlanta Police Department failed to produce *any* hearing agendas and meeting minutes that mention or relate to 450 Moreland;

v.   the Atlanta Police Department failed to produce *any* communications with the Georgia Department of Transportation regarding 450 Moreland;

vi.   the Atlanta Police Department failed to produce *any* communications between the Atlanta Police Department and Council Member Liliana Bakhtiari regarding the 450 Moreland Avenue property (including communications involving Director Daphne Talley, Code Enforcement Manager Lyles, Major Andrea Webster, and Inspector Michaela Culbreth);

vii.   the Atlanta Police Department failed to produce *any* communications between the Atlanta Police Department and Nichola Cappon regarding the 450 Moreland Avenue property (including communications involving Director Daphne Talley, Code Enforcement Manager Lyles, Major Andrea Webster, and Inspector Michaela Culbreth);

viii.   the Atlanta Police Department failed to produce *any* communications, including emails and text messages, to or from Director Daphne Talley regarding 450 Moreland Avenue;

ix.   the Atlanta Police Department failed to produce *any* emails and text messages to or from Code Enforcement Manager Jocelyn Lyles regarding 450 Moreland Avenue;

x.   the Atlanta Police Department failed to produce *any* communications, including emails and text messages, to or from Major Andrea Webster regarding 450 Moreland Avenue;

xi.   the Atlanta Police Department failed to produce *any* communications, including emails and text messages, to or from Inspector Michaela Culbreth regarding 450 Moreland Avenue.

108.   Accordingly, Defendants Atlanta and the Atlanta Police Department should be required to comply with the Open Records Act, including through an

injunction directing them to immediately produce all records sought by LJ's Open Records Act request to LJ.

109.   Pursuant to O.C.G.A. § 50-18-73(b), Defendants Atlanta and the Atlanta Police Department should be required to pay LJ's reasonable attorney's fees and other litigation costs reasonably incurred.

## Count VI: Attorneys' Fees Pursuant to O.C.G.A. § 13-6-11
### (All Defendants)

110.   LJ incorporates the allegations in paragraphs 1-109 as if fully restated herein.

111.   Defendants' acts and omissions, as set forth above, demonstrate bad faith, stubborn litigiousness, and have caused LJ unnecessary trouble and expense.

112.   For example, Defendants, directly and through their agents, deprived LJ of notice of hearings regarding 450 Moreland.

113.   Despite knowing that they had been depriving LJ of notice about hearings where Atlanta sought to obtain a demolition order against 450 Moreland, Defendants continued to deprive LJ of notice about subsequent hearings.

114.   After obtaining the demolition order against 450 Moreland at the January 25, 2024 hearing, Defendants refused LJ's efforts to reach a negotiated resolution.

115.    As a result of Defendants' conduct, LJ is entitled to recover its costs and expenses of this litigation, including reasonable attorney's fees. *See* O.C.G.A. § 13-6-11.

## JURY DEMAND

Plaintiff LJ Remainder LLC demands a trial by jury of 12 in this matter under Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Plaintiff LJ Remainder LLC respectfully asks that this Court grant relief as follows:

(a)    Enter declaratory judgment determining the rights and obligations of LJ and declaring the unenforceability and illegality of the January 25, 2024 demolition order against 450 Moreland Avenue.

(b)    Enter a preliminary and permanent injunction enjoining Defendants, and any of their agents, privies, servants, employees, affiliates, successors, assigns, and all other in active concert or participation with any of them from taking any actions to damage, destroy, or demolish 450 Moreland Avenue.

(c)    Enter an injunction requiring Defendants Atlanta and Atlanta Police Department to produce all  records requested by LJ in its October 24, 2023 Open Records Act request;

(d)    Award LJ its reasonable attorneys' fees, expenses, and other litigation

costs;

(e)    For such other relief as this Court deems just and proper.

Respectfully submitted this 26th day of February, 2024.

*/s/ Eliyahu E. Wolfe*
Eliyahu E. Wolfe
Georgia Bar No. 776278
Wolfe Law, LLC
1201 W. Peachtree St. NW
Suite 2300
Atlanta, GA 30309
Telephone: (404) 963-0013
Facsimile: (404) 963-0023
ewolfe@wolfe.law

*Counsel for Plaintiff*
*LJ Remainder LLC*

**Verification**

Personally appeared before the undersigned officer, an officer duly authorized by law to administer oaths, Samuel Ashner, the vice president of LJ Equity LLC, which is the sole member of LJ Remainder LLC, who after first being duly sworn, states that he is authorized to make this verification on behalf of LJ Remainder LLC, and verifies that the facts contained in the foregoing Verified Complaint are true and correct, except as to the statements made on information and belief, which statements he believes to be true and correct.

LJ REMAINDER LLC

By: Samuel Ashner
As: Vice President of LJ Equity LLC,
the sole member of LJ Remainder LLC

Sworn and subscribed before me

This 26 day of February , 2024

Notary Public, State of New York

My commission expires: August 20, 2024

LIZETTE BELTRAN
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01BE6267432
COMM. EXP. August 20, 2024

28