IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LJ REMAINDER, LLC,

    Plaintiff,

    v.

CITY OF ATLANTA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-00866-TWT

**OPINION AND ORDER**

This is a civil rights case. It is before the Court on Defendant City of Atlanta's Motion to Dismiss for Failure to State a Claim [Doc. 7], Atlanta's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. 29], Atlanta's Motion for Summary Judgment [Doc. 34], and Plaintiff LJ Remainder, LLC's ("LJ") Motion for Leave to Amend [Doc. 38]. For the reasons set forth below, Atlanta's Motion to Dismiss for Failure to State a Claim [Doc. 7], Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. 29], and Motion for Summary Judgment [Doc. 34] are DENIED as moot. LJ's Motion for Leave to Amend [Doc. 38] is GRANTED.

### I. Background

This case arises from a dispute between Plaintiff LJ and Defendant Atlanta over real property located at 450 Moreland Avenue SE ("450 Moreland") in Fulton County. (Compl. ¶ 1). LJ initially named the City of Atlanta, Atlanta Police Department ("APD"), and In Rem Review Board of the

City of Atlanta ("In Rem Review Board") as Defendants. However, it has since filed a notice of the voluntary dismissal of APD and the In Rem Review Board [Doc. 8]. Thus, LJ proceeds against only the City of Atlanta.

LJ presently owns 450 Moreland and has owned the property all relevant periods. (*Id.* ¶ 20). LJ alleges that Atlanta "seeks to destroy 450 Moreland," though it is unclear to LJ "what the city plans to do" with the property. (*Id.* ¶ 33). Following a series of hearings—including one final hearing in which the APD represented that the property was "1,969% deteriorated"—the In Rem Review Board issued a demolition order for 450 Moreland. (*Id.* ¶¶ 64–65, 67). The demolition order mailed to LJ lists the "value of [the] structure" as $4,200.00, the "total cost of repairs" as $82,684.12, and the "[percentage] deterioration" as 1,968.67%. (Compl., Ex. 10, at 4 [Doc. 1-10]).

In its Complaint, LJ takes issue with the notice and process of the In Rem Review Board hearings and the subsequent demolition order. It contends that "Atlanta [ ] knowingly deprived LJ of statutorily and constitutionally required notice regarding Atlanta's efforts to demolish the 450 Moreland property." (Compl. ¶ 2). For example, LJ alleges that it did not receive certain notices or received them too belatedly, (*id.* ¶¶ 38–40, 46, 58–62, 71–73), and that it frequently contacted APD to inquire into the proceedings and demolition efforts without any meaningful response from Atlanta, (*see, e.g., id.* ¶¶ 43, 56–57, 69). During this time, LJ alleges that it had additionally submitted an Open

Records Act request to APD but never received "any emails or text messages in response." (*Id.* ¶ 54; *see also id.* ¶ 52 (stating that APD at one point claimed that "[n]o open records request" had been submitted)).

LJ seeks relief on four claims: declaratory judgment (Count I), preliminary and permanent injunction (Count II), Georgia Open Records Act violations (Count III), and attorney's fees (Count IV[1]). Now, before this Court are several pending motions: Atlanta's Motion to Dismiss for failure to state a claim [Doc. 7], Atlanta's Motion to Dismiss for lack of subject-matter jurisdiction [Doc. 29], the parties' cross-motions to extend the discovery period and deadline for dispositive motions [Docs. 23, 30], Atlanta's Motion for Summary Judgment [Doc. 34], and LJ's Motion for Leave to Amend its Complaint [Doc. 38] in such a way as to cure the deficiencies raised by Atlanta's dismissal motions.

## II. Legal Standard

Rule 15 governs whether LJ may amend its Complaint.[2] According to Rule 15, "[a] party may amend its pleading once as a matter of course" within

---

[1] For avoidance of doubt, the Court notes that the Complaint appears to mislabel "Count IV" as "Count VI." There are only four counts alleged in total.

[2] Atlanta incorrectly suggests that Rule 16(b)(4)'s "good cause" requirement also applies. (*See* Resp. Br. in Opp'n to Pl.'s Mot. for Leave to Amend, at 2–3, 12–13 [Doc. 42]). Rule 16(b)(4) requires "good cause" to modify a scheduling order, but the Court has not issued any scheduling order setting a deadline for amendments to pleadings. However, even if "good cause" was required, the amendment would still be warranted under the circumstances.

twenty-one days of service of that pleading, a responsive pleading, or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* This decision is discretionary, but the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). District courts may deny leave to amend, however, where there is substantial ground for doing so, such as "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.*

### III. Discussion

In light of the liberal standard for allowing amendments and the discretion afforded courts, the Court concludes that allowing LJ to amend its Complaint is appropriate at this time. Atlanta argues that granting leave to amend would be unduly prejudicial given that the amendment comes "at the eleventh hour of this litigation," and it argues that the proposed amendment is nonetheless futile. (*See* Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 14, 3). The Court finds these arguments unavailing for the reasons below.

First, this case is still in the early stages of litigation. This is only LJ's first proposed amendment, and motions from both parties to extend the discovery period and deadline for dispositive motions are pending before the Court. Moreover, at the time that LJ sought leave, the Court had not yet ruled on Atlanta's first motions to dismiss. Thus, the Court finds that LJ's requested amendment is not overly late, prejudicial, or unreasonable and that this case can be fairly characterized as early in the stages of litigation.

Second, the Court cannot say at this stage that the amendment is clearly futile. A proposed amendment is futile if the amended complaint "would still be properly dismissed or be immediately subject to summary judgment for the defendant." *United States ex rel. Crutcher v. First Guar. Mortg. Corp.*, 2023 WL 4034197, at \*4 (N.D. Ga. June 15, 2023) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "If a proposed amendment is not clearly

5

futile, then denial of leave to amend is improper." *Id.* at *4 (citation omitted). "The burden falls on the party opposing amendment to establish futility." *Id.*

Atlanta's dismissal and summary judgment motions raise two primary questions: whether a § 1983 claim could be implied from LJ's Complaint, and whether the Complaint could establish municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). Regarding § 1983, LJ's proposed amendment explicitly pleads a § 1983 claim, thus appearing to address Atlanta's arguments regarding whether and the extent to which LJ pleaded such a claim. (*See* Pl.'s Mot. for Leave to Amend, Ex. 2 ("Proposed Amendment") ¶¶ 96–137 [Doc. 38-2]). And the Court notes that LJ's proposed amendment altogether resolves the jurisdictional problems presented in Atlanta's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. In its Motion, Atlanta argued that LJ lacked federal question and diversity jurisdiction since LJ did not identify a cause of action. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 7–9 [Doc. 29]; *see also id.* at 4 ("[LJ's] claims for declaratory and injunctive relief are remedies, not separate causes of action."); *id.* at 8 (stating that "[a]n individual cannot assert a claim directly under the Fourteenth Amendment," as LJ had seemingly done). Because the proposed amendment now explicitly seeks relief through a § 1983 claim, the Court finds that federal question jurisdiction exists under 28 U.S.C. § 1331, mooting Atlanta's Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

6

Regarding municipal liability, the Court ultimately finds that the amendment is not clearly futile at this time such that denying leave to amend is necessary. Under *Monell*, municipal liability for an alleged constitutional due process violation can attach only if the violation "result[ed] from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1295 (11th Cir. 2000) (citation omitted). LJ's proposed amendment alleges Atlanta has or had "a policy or custom of failing to provide constitutionally sufficient notice of In Rem Review Board meetings," and it incorporates new allegations regarding the experience of other property owners to supposedly show a broader "pattern of behavior that infers an official custom or practice." (*See* Proposed Amendment ¶¶ 112–15, 128–31, 69). These allegations appear to be sufficiently plausible for motion to dismiss purposes. *See Cockrell*, 510 F.3d at 1310. This is especially true given that the parties have requested an extension to the discovery period [Docs. 23, 30], which may reveal facts that further support these new allegations. For example, LJ has yet to depose key witnesses such as Atlanta's Code Enforcement Director Daphne Talley and Rule 30(b)(6) witness, though it has expressed its intent to do so in its motion. (Pl.'s Cross-Mot. for Disc. Extension, at 19).

7

Lastly, in its response brief to LJ's request to amend, Atlanta argues that LJ cannot succeed on its procedural due process claims even if leave to amend were granted because it "declined to take advantage of the adequate state law remedies" available. (Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend, at 5–7). "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). According to Atlanta, the In Rem Review Board's demolition order was appealable to the Code Enforcement Director. (Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend, at 6; Br. in Supp. of Def.'s Mot. for Summ. J., at 16 [Doc. 34-1]). And that subsequent decision would be appealable to the City of Atlanta Municipal Court, which could in turn be appealed to the Superior Court of Georgia. (Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend, at 6). This argument is not sufficient to clearly establish futility, however, because the proposed amendment alleges that LJ did attempt to avail itself of these available remedies but was obstructed when Director Talley did not respond to LJ's timely administrative appeal within the required thirty days and seemingly at all. (Proposed Amendment ¶¶ 82–91). Although Atlanta may ultimately be correct that "the violation of a state statute outlining procedure" may not in this instance "equate to a due process violation under the federal constitution," (Def.'s Br. in Opp'n to Pl.'s Mot. for

8

Leave to Amend, at 7), the Court finds that Atlanta has not shown this to be so clearly so as to necessitate denying the amendment on futility grounds. Atlanta's last effort regarding state remedies is to argue that LJ could have sought a writ of mandamus instead. (*Id.* at 6). This argument is merely two sentences in Atlanta's brief, however, and would be "better suited for dispositive motions to permit both sides to fully develop and respond to arguments." See *Doe v. 4201 Orlando, Inc.*, 2024 WL 4803496, at *1 (M.D. Fla. June 10, 2024) (citation omitted); *Van Cleve v. Ross*, 2020 WL 13413755, at *1 (S.D. Fla. Dec. 28, 2020) ("[A]t this stage, the Court cannot find that the allegations and issues raised by the Plaintiffs are futile as a matter of law. Rather, a motion to dismiss, with its attendant briefing, would be the best way to fully resolve the issues presented by the motion . . . .").

Given the above, the Court concludes that there is no "substantial ground" at this stage to establish that the amendment is clearly futile or otherwise to deny leave to amend. See *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). The Court hereby grants LJ's motion for leave to amend its Complaint and adopts LJ's proposed First Amended Complaint as the operative complaint. Because the Court finds that the First Amended Complaint establishes federal question jurisdiction, Atlanta's Motion to Dismiss for Lack of Subject-Matter Jurisdiction is denied as moot. The remaining motions, which were based on the previously filed Complaint, are

also now moot in light of the filing of the First Amended Complaint. *See Santiago v. Jaguar Therapeutics, LLC*, 2019 WL 4731980, at *1 (S.D. Fla. Jan. 17, 2019) (rendering moot a summary judgment motion in light of an amended complaint, and collecting cases holding the same). Accordingly, the Court denies as moot Atlanta's Motion to Dismiss for Failure to State a Claim and Motion for Summary Judgment.

## IV. Conclusion

For the foregoing reasons, Defendant Atlanta's Motion to Dismiss for Failure to State a Claim [Doc. 7], Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. 29], and Motion for Summary Judgment [Doc. 34] are DENIED as moot. Plaintiff LJ's Motion for Leave to Amend [Doc. 38] is GRANTED. The Clerk is DIRECTED to docket LJ's proposed First Amended Complaint [Doc. 38-2] as the operative complaint.

SO ORDERED, this ___6th___ day of February, 2025.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge