IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LJ REMAINDER, LLC,

    Plaintiff,

      v.

CITY OF ATLANTA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-00866-TWT

**OPINION AND ORDER**

This case is before the Court on Defendant City of Atlanta's ("Atlanta") Motion to Extend Discovery Period and Deadline for Dispositive Motions [Doc. 23] and Plaintiff LJ Remainder LLC's ("LJ") Cross-Motion for Limited Discovery Extension [Doc. 30]. Defendant City of Atlanta's Motion to Extend Discovery Period and Deadline for Dispositive Motions [Doc. 23] is GRANTED, and Plaintiff LJ Remainder LLC's Cross-Motion for Limited Discovery Extension [Doc. 30] is GRANTED in part and DENIED in part.

The discovery period expired on September 23, 2024. Both parties agree that the period for discovery and dispositive motions should be extended by forty-five days. But each seeks an extension with a different scope. As best the Court can decipher, the depositions of Atlanta Code Enforcement Director Daphne Talley and Atlanta's Rule 30(b)(6) representative did not occur during the discovery period due to scheduling and other conflicts. (Def.'s Mot. to Extend Disc. Period, at 2; Pl.'s Cross-Mot. for Limited Disc. Extension, at 9). It

appears that the parties initially agreed between themselves to postpone these depositions through a consent motion to extend the discovery period. (*See generally* Pl.'s Cross-Mot. for Limited Disc. Extension, Ex. 4 ("Extension Email") [Doc. 30-4]). Additionally, LJ had communicated to Atlanta that it sought to "use the agreed limited extension of discovery to make a motion to compel unnecessary" as it pertained to outstanding discovery disputes. (Extension Email, at 3). LJ's position is that Atlanta, among other things, "failed to comply with the parties' agreed production format; [ ] failed to produce a privilege log; [and] refused to discuss categorical deficiencies and Atlanta's boilerplate objections." (Pl.'s Cross-Mot. for Limited Disc. Extension, at 4; *see also* Pl.'s Cross-Mot. for Limited Disc. Extension, Ex. 5, at 2–6 [Doc. 30-5] (describing Atlanta's purported discovery deficiencies). Atlanta acknowledges "Plaintiff's position that there are certain outstanding disputes regarding the Parties' written discovery." (*See* Def.'s Mot. to Extend Disc. Period, ¶ 8).

Ultimately, the parties were unable to agree on the scope of the extended discovery period. According to Atlanta, "Plaintiff's counsel advised that he would only agree to a one-sided extension of the discovery period for the limited purpose of allowing Plaintiff to take the depositions of Director Talley and [Atlanta's] Rule 30(b)(6) representative and allowing Plaintiff to file a motion to compel. Plaintiff's counsel advised [on September 18, 2024] that he would

2

notice the depositions of Director Talley and [Atlanta's] Rule 30(b)(6) representative for September 23, 2024—just three business days away—if [Atlanta] did not agree to Plaintiff's one-sided extension parameters." (*See* Def.'s Mot. to Extend Disc. Period, ¶ 12 (emphasis omitted)). From LJ's point of view, it had agreed to postpone the previously scheduled depositions of the two witnesses as a professional courtesy to Atlanta, with the understanding that the parties would file a consent motion to extend discovery to allow these two depositions to occur and resolve the outstanding discovery disputes without a motion to compel. (Extension Email, at 1–2; Pl.'s Cross-Mot. for Limited Disc. Extension, at 10). According to LJ, Atlanta reneged on that initial understanding by unilaterally filing a motion to extend discovery to allow either party to take depositions, even though Atlanta had "failed to identify anyone that it seeks to depose" during the extended period, and by threatening that any future motion to compel by LJ would be "sanctionable." (Pl.'s Cross-Mot. for Limited Disc. Extension, at 4, 7–12).

On September 18, 2024, Atlanta filed its unilateral motion to extend discovery [Doc. 23], and then LJ unilaterally noticed the depositions of the two witnesses for September 23, 2024 [Docs. 24–25]. Atlanta then sought a protective order to prevent the depositions from taking place on that date and to stay the depositions [Doc. 26]. The Court granted the motion and instructed that "[t]he depositions will not proceed absent further order of this Court."

3

(Sept. 19, 2024, Order [Doc. 27]).

At present, Atlanta seeks a forty-five-day extension of discovery that would allow both parties to take depositions and resolve their outstanding discovery disputes through any available means. (*See* Def.'s Mot. to Extend Disc. Period, ¶¶ 9-14). LJ appears to seek a forty-five-day extension that would allow both parties to "tak[e] depositions and mov[e] to compel further responses or documents from previously served written discovery requests." (Pl.'s Cross-Mot. for Limited Disc. Extension, at 19). But it further requests that Atlanta "provide at least three dates and times" for the depositions of Director Talley and Atlanta's Rule 30(b)(6) representative and that, "[i]f Atlanta intends to take depositions of any parties or non-parties, such witnesses must be disclosed with amended and verified responses to LJ's Interrogatories Nos. 2 and 3, within five days of the Order." (*Id.*).

Having considered the parties arguments, the Court finds that there is good cause to modify the scheduling order to extend the discovery period and time for filing dispositive motions, pursuant to Rule 16(b)(4). *See* Fed. R. Civ. P. 16(b)(4). Accordingly,

IT IS HEREBY ORDERED Defendant City of Atlanta's Motion to Extend Discovery Period and Deadline for Dispositive Motions [Doc. 23] is GRANTED, and Plaintiff LJ Remainder LLC's Cross-Motion for Limited Discovery Extension [Doc. 30] is GRANTED in part and DENIED in part. The

4

discovery deadline in this case is extended by forty-five days from the date of this Order for the limited purpose of allowing both parties to take depositions and resolve discovery disputes through any available remedies. There is currently a Motion for Summary Judgment pending. Any further Motions for Summary Judgment must be filed by **May 19, 2025**. The Proposed Consolidated Pretrial Order will be due within thirty (30) days of the Court's ruling on the latest-filed Motion for Summary Judgment.

IT IS FURTHER ORDERED that the parties are directed to adhere to the above deadlines. Any further motions requesting extensions of time must be made prior to the existing deadline and will be granted only in exceptional cases.

SO ORDERED, this    5th    day of March, 2025.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge